UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEW MICHAEL BETTELYOUN,<br><br>Defendant. | 5:18-CR-50114-1-KES<br><br><br>ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE |

Defendant, Lew Michael Bettelyoun, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(a). Docket 170. Plaintiff, the United States of America, asserts that Bettelyoun's compassionate release motion should be denied. Docket 173 at 8. For the following reasons, Bettelyoun's motion for compassionate release is denied.

**BACKGROUND**

On June 3, 2022, Bettelyoun pleaded guilty to distribution of a controlled substance and possession of a firearm in furtherance of a drug trafficking crime. Docket 126; Docket 132. On July 8, 2022, the court sentenced Bettelyoun to the mandatory minimum of 180 months in custody, followed by 5 years of supervised release. Docket 139. Bettelyoun is currently 49 years old and incarcerated at FMC Rochester. *See* https://www.bop.gov/inmateloc/ (last accessed June 26, 2025) (Register No. 17747-273). As of June 26, 2025,

Bettelyoun has served almost four years of his federal sentence. His current estimated statutory release date is November 24, 2034. *Id.*

Bettelyoun moved for compassionate release on January 21, 2025, under § 3582(c)(1)(A)(i). Docket 170. Bettelyoun also submitted a supplement to his motion for a reduction in sentence, which acknowledged his acceptance of guilt and included letters of support from his sister, youngest brother, mother, and friend. Docket 175.

In support of his motion for relief, Bettelyoun cites a combination of family issues, including the age of his mother, the incapacitation of his children's mother, and the passing of his sister's husband. Docket 170; Docket 174 at 1-2. He also notes his regret and acceptance of his crime and his willingness to be a part of out-of-custody confinement. *Id.* Bettelyoun is asking the court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Docket 170 at 8.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). One narrow exception is the First Step Act (FSA), passed by Congress in 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early.

2

18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must take into consideration the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires both "extraordinary and compelling reasons" to warrant a sentence reduction and the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)-(b). The policy statement was amended on November 1, 2023, to reflect the FSA's empowerment of federal courts to adjudicate defendant-initiated motions for compassionate release. U.S.S.G. § 1B.13, amend. 814. Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. *See id. 2023 Amendments in Brief*, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited June 23, 2024).

### I.   Administrative Exhaustion

Before the FSA's passage, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully

3

exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Bettelyoun submitted a request for compassionate release to the warden of his correctional facility on or about December 17, 2024. Docket 170 at 3-4. The warden denied his request on December 23, 2024. *Id.* at 4. The United States acknowledges that Bettelyoun has satisfied the exhaustion requirement. Docket 173 at 1; *see United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (characterizing 18 U.S.C. § 3582(c)(1)(A)'s procedural requirement as a "mandatory claim-processing rule" that "must be enforced so long as the opposing party properly raises it."). Thus, the court will review the merits of Bettelyoun's motion.

## II.    Extraordinary and Compelling Reasons

Congress directed the Sentencing Commission to describe what "should be considered extraordinary and compelling reasons" for compassionate release and fashion "the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission policy statement, as amended in November of 2023, responded by identifying six categories of "extraordinary and compelling reasons" justifying compassionate release. U.S.S.G. § 1B1.13(b)(1)-(4), amend. 814. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family

circumstances; and (4) victimization by correctional staff while in custody. *Id.* A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an unusually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentences likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Rehabilitation of the defendant is not an extraordinary and compelling reason in and of itself but "may be considered in combination with other circumstances in determining whether and to what extent a reduction" in sentence is warranted. U.S.S.G. § 1B1.13(d). An extraordinary and compelling reason need not be unforeseen at the time of sentencing to warrant compassionate release. U.S.S.G. § 1B1.13(e).

Bettelyoun checked on his form that his argument falls under the family circumstances category due to extraordinary circumstances. Docket 170 at 6. U.S.S.G. § 1b1.13(B)(3)(A-D). But his motion only argues that he qualifies under the compelling family circumstances under § 1B1.13(b)(5). *See* Docket 170 at 24. Thus, the court will consider Bettelyoun's request under the "family circumstances" category.

To justify compassionate release under the family circumstances

5

category, U.S.S.G. § 1B1.13(b)(3) requires that the defendant demonstrate one of the following: (1) death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition; (2) incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner; (3) incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent; or (4) that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving an immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver. U.S.S.G. § 1B1.13(b)(3).

Bettelyoun requests that the court release him to care for his young children, who are currently under the care of his elderly mother. Docket 170 at 6-7. Bettelyoun states that his eight-year-old son has ADHD and that his mother, at 74 years old, has become too elderly to care for the children. *Id.* at 8. Bettelyoun desires to relieve his mother of the stress created by taking care of his three children. *Id.* at 10. Bettelyoun also notes that the children's mother has been absent for three years and is heavily addicted to drugs and that she should be considered incapacitated under U.S.S.G. § 1B1.13(b)(3). *Id.* at 11.

Although the court is sympathetic to the difficult situation involving Bettelyoun's elderly mother, Bettelyoun has not provided sufficient evidence

6

to render his conditions extraordinary or compelling under U.S.S.G. § 1B1.13(b)(3). Under category (1), Bettelyoun must show that there is only one person available to care for his children and that the person has died or become incapacitated. U.S.S.G § 1B1.13(6)(3)(A). Bettelyoun fails to identify any compelling reasons beyond the actual age of his mother that would suggest incapacitation. *See* Docket 170. Under category (2), Bettelyoun argues that the mother of the children has abandoned them and has become incapacitated due to her addiction with drugs. *Id.* at 9. The court recognizes this unfortunate circumstance; however, the mother of his children is not the sole available caregiver to the children, so this argument fails. Bettelyoun makes no argument under category (3) or (4) because these circumstances involve a direct family member. *See id.* at 8-11. Thus, the court finds that Bettelyoun did not meet the conditions under the family circumstances category.

### III.     Sentencing Factors

The § 3553(a) sentencing factors confirm that compassionate release is unwarranted. The first factor the court considers is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Bettelyoun was convicted of distribution of a controlled substance and possession of a firearm in furtherance of a drug trafficking crime. Docket 135 ¶¶ 48-49. In his presentence report, Bettelyoun has a criminal history score of zero. *Id.* ¶ 55. But the court views Bettelyoun's use of a gun in his underlying crime harshly. Thus, the court finds the first

factor cuts against release due to the egregiousness of the offense.

The next factor the court considers is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). The court finds that because Bettelyoun has only served 4 years of a 15 year sentence, a sentence reduction would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment.

The remaining § 3553(a) factors also do not support a sentence reduction. If the court were to grant compassionate release, similar conduct in others would not be deterred because Bettelyoun's punishment would not be severe enough to act as an effective deterrent. *See* 18 U.S.C. § 3553(a)(2)(B). Moreover, reducing Bettelyoun's sentence would do an injustice to the public. The court acknowledges that Bettelyoun has accepted responsibility and is seeking to be a presence in his children's lives. But this provides no indication that Bettelyoun will not reoffend, because his family circumstances are not much, if any, different now than when he first committed the crime of conviction. *See* 18 U.S.C. § 3553(a)(2)(C). Thus, the court finds the § 3553(a) factors weigh against Bettelyoun's favor and holds that Bettelyoun's compassionate release motion is denied.

## CONCLUSION

Bettelyoun has failed to satisfy the extraordinary and compelling reason standard under 18 U.S.C. § 3582(c)(1)(A)(i). Thus, it is

ORDERED that the defendant's motion (Docket 170) for relief under the First Step Act is denied.

Dated July 9, 2025

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE